ANTHONY C. FITZGERALD *v.* COMMISSIONER
OF MOTOR VEHICLES
(AC 34870)

Lavine, Beach and Bear, Js.

Argued February 21—officially released April 30, 2013

*James D. Hirschfield*, for the appellant (plaintiff).

*Caitlin M. E. Calder*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Anthony C. Fitzgerald, appeals from the judgment of the Superior Court dismissing his appeal from the decision of the commissioner of motor vehicles (commissioner) ordering the six month suspension of his license to operate a motor vehicle as a result of his refusal to submit to a chemical test of his breath, as provided by General Statutes § 14-227b. On appeal, the plaintiff claims that the court erred in dismissing his appeal because there was insufficient evidence to support the commissioner's conclusion that he had refused to submit to the chemical test of his breath under the circumstances of this case, where he was waiting to speak with his attorney and his attorney was present at the police station. We affirm the judgment of the Superior Court.

The record reveals the following facts and procedural history, which are relevant to the issues presented on appeal. While nearing his home in the early morning of

December 17, 2011, the plaintiff, allegedly after encountering deer crossing the road, swerved his vehicle and hit a utility pole. The plaintiff walked to his home and asked his wife to telephone the police. Trooper Dennis Picheco of the Connecticut state police arrived outside the plaintiff's home and administered field sobriety tests to the plaintiff, which the plaintiff failed. Picheco then placed the plaintiff under arrest for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. While at the state police barracks, the plaintiff telephoned his father, who is an attorney, and learned that his father already had left for the state police barracks, having been told by the plaintiff's wife that the plaintiff had been arrested. Upon his arrival at the barracks, at approximately 2:15 a.m., the plaintiff's father identified himself to the police and stated that he was there to pick up his son.

Meanwhile, the plaintiff would not submit to a chemical test of his breath, stating that he wanted to speak with his attorney before doing so. Picheco explained to the plaintiff that the testing could not be delayed, but the plaintiff would not agree to be tested. At approximately 2:35 a.m., Picheco officially recorded the plaintiff's refusal to submit to the chemical test of his breath, and, at approximately 2:50 a.m., the plaintiff was released from custody and informed that his attorney was in the barracks' lobby area. Neither the plaintiff nor his father requested that the plaintiff be administered a blood alcohol test.

The plaintiff was charged with a violation of § 14-227a, and, following an administrative hearing before a department of motor vehicles hearing officer to determine whether the plaintiff's license to operate a motor vehicle should be suspended for his refusal to submit to a chemical test of his breath, the commissioner, in accordance with § 14-227b, suspended the plaintiff's

operator's license for a period of six months. The plaintiff appealed the commissioner's decision to the Superior Court, which dismissed the plaintiff's appeal after concluding that the decision of the commissioner was supported both by the record and the applicable law. This appeal followed.[1]

On appeal, the plaintiff claims that there was insufficient evidence that he refused to submit to a chemical test of his breath under the facts of this case, where he was waiting to speak with his attorney and his attorney was present at the police station. We reject the plaintiff's claim and conclude that this case is controlled by *Dalmaso* v. *Dept. of Motor Vehicles*, 47 Conn. App. 839, 707 A.2d 1275, appeal dismissed, 247 Conn. 273, 720 A.2d 885 (1998).

In *Dalmaso*, this court concluded that insisting upon the right to telephone an attorney as a condition for taking a chemical test constituted a refusal. Id., 844. We explained that the failure of the police to comply with subsection (b) of § 14-227b,[2] which provides the

---

[1] We note that the suspension of the plaintiff's operator's license has been stayed pending his appeal.

[2] General Statutes § 14-227b (b) provides: "If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both, and thereafter, after being apprised of such person's constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that such person's license or nonresident operating privilege may be suspended in accordance with the provisions of this section if such person refuses to submit to such test, or if such person submits to such test and the results of such test indicate that such person has an elevated blood alcohol content, and that evidence of any such refusal shall be admissible in accordance with subsection (e) of section 14-227a and may be used against such person in any criminal prosecution, refuses to submit to the designated test, the test shall not be given; provided, if the person refuses or is unable to submit to a blood test, the police officer shall designate the breath or urine test as the test to be taken. The police officer shall make a notation upon the records of the police department that such officer informed the person that such person's license or nonresident operating privilege may be suspended if

right to telephone an attorney before being subjected to a chemical test, is irrelevant in a license suspension hearing because the hearing specifically, by legislation, is limited to the four issues specified in § 14-227b (g).[3] Id. Although the present case does not involve the right to telephone an attorney, it, nonetheless, involves the plaintiff's alleged right to speak with an attorney before submitting to chemical testing of his breath, which alleged right is separate from and not relevant to the four issues enumerated in § 14-227b (g) that are to be considered by the hearing officer in the license suspension hearing. See *Volck* v. *Muzio*, 204 Conn. 507, 512, 529 A.2d 177 (1987) (because hearing limited to four enumerated issues, multiple failures by arresting officer to comply with statutory dictates of § 14-227b not sufficient grounds for overturning commissioner's determination that operator's license should be suspended);

---

such person refused to submit to such test or if such person submitted to such test and the results of such test indicated that such person had an elevated blood alcohol content."

[3] General Statutes § 14-227b (g) provides in relevant part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that such person had an elevated blood alcohol content; and (4) was such person operating the motor vehicle. In the hearing, the results of the test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation, provided such test was commenced within two hours of the time of operation. . . ."

The plaintiff's claim that he did not refuse to take the chemical test, because he wanted to speak with an attorney prior to doing so, presumably was asserted in the license suspension hearing pursuant to subdivision (3) of § 14-227b (g), but, as explained in the body of this opinion, a substantially similar claim was rejected by this court in *Dalmaso* v. *Dept. of Motor Vehicles*, supra, 47 Conn. App. 844, on the ground that, regardless of the ostensible reason for the plaintiff not submitting to the chemical test, any failure to submit to the test constitutes a refusal pursuant to subdivision (3). The plaintiff did not make any claims pursuant to subdivisions (1), (2) or (4) of § 14-227b (g).

*Buckley* v. *Muzio*, 200 Conn. 1, 7, 509 A.2d 489 (1986) (hearing limited to four enumerated issues and commissioner not required to determine whether subject of hearing understood consequences of refusal to submit to chemical testing before suspending license); *Santiago* v. *Commissioner of Motor Vehicles*, 134 Conn. App. 668, 674, 39 A.3d 1224 (2012) (Connecticut Supreme Court repeatedly has held that license suspension hearing is expressly limited to four issues enumerated in § 14-227b [g]). Even if the plaintiff had a right, as he claimed, to consult an attorney before submitting to the chemical test of his breath, this would not preclude the police officer, the hearing officer, the court, or this court from determining that under *Dalmaso*, his failure to submit to the chemical test of his breath was a refusal within the ambit of § 14-227b (g).

The judgment is affirmed.